TATE, Judge
(concurring).
The result is correct according to the prevailing jurisprudence. I feel it only fair to state that probably other judges than myself feel that neither logic nor equity support the prevailing proposition that the doctrine of res ipsa loquitur does not apply in circumstances such as these.
The reason, supposedly, that the garage-man is not called upon to exculpate himself from negligence when a car entrusted to his care is destroyed in a fire which arises on his premises although not in the immediate vicinity of the deposited car, is that the fire could arise from a number of causes other than the negligence of the garageman. It is frankly difficult for me to think of many.
For instance, if the wiring was defective and caused the fire, then certainly the duty to inspect and replace same should be on the garageman, who has control of the premises, rather than the owner who brings his car there for repairs. If another customer left a burning cigarette on the premises, again certainly the duty is upon the garageman to inspect and discover same before it spreads and destroys the property of others left in his care, rather than upon the car owner to come and inspect the premises continually during the time his car remains in the other’s premises for repairs.
If the cause of the fire is something of general nature, applying not only to the-premises in question but to the entire town, it certainly seems to me that this evidence by its very nature would be easily available to the garageman in exculpation of his liability. Likewise, if the fire on the garage-man’s premises commences through the negligence of a third party, this information is much more readily available to the ga-rageman, who has control of his premises, than to the car owner who has no duty whatsoever to inspect or care for the other’s garage.
The leaving of a car by an owner for repairs by a garageman has been held to be a “compensated deposit” under the civil law, Article 2938, LSA-Civil Code, or a “bailment for mutual benefit” under the common law, 8 C.J.S., Verbo Bail-ments, § 8, p. 243; but in either event, the depositary or bailee is held only to the duty of ordinary care and diligence, 8 C.J.S., Verbo Bailments, § 27, p. 269.
Actually, taking a realistic view of the situation under modern conditions, the relationship is more closely akin to a bailment (deposit) for the sole benefit of the bailee (depositary) or garage owner: It is ordinarily not of material importance to the car owner which garage performs the repairs and, in fact, car owners frequently chose the repair garage on the basis of the lowest estimate; whereas the garageman has certainly a vital interest in securing the contract, namely that he shall make a profit from same. Where the bailment is for the sole benefit of the bailee, he is bound to *329 exercise great care or extraordinary diligence, and is responsible for but the slightest neglect causing damage to the subject matter of the bailment, 8 C.J.S., Verbo Bailments, § 29, p. 280. See Article 2938, LSA-Civil Code, providing for rigid accountability in such circumstances.
Taking a realistic view of the relationship between the parties, and of the much greater availability of information concerning the cause of the fire to the ga-rageman than to the car owner, it seems to me that an inadequate duty is placed upon the garage owner in case of fire, simply to produce some witness to testify, perhaps perfunctorily, that “all was well” on the day of the fire.
In the present case, for instance, the assistant manager testified that he checked the premises at 6:30 p. m. before locking same and that he found no fire started. Upon this testimony defendant was exculpated from liability for the fire which started at 7 p. m.
The car owner has no way of determining whether actually a careful check was made. Whether, for instance, a salesman of the garageman came later to look at some records, leaving a burning cigarette; whether in the knowledge of the owner of the garage, the wiring was defective; whether some workingman had left a rag subject to spontaneous combustion in the accessible attic where the fire started; the only witness produced by defendant did not necessarily know. Neither — and much less so — could the owner of the car, perhaps miles away; nor was he anywhere nearly as able as the garageman to make an adequate investigation as to the cause of the fire in the latter’s premises, subject to the latter’s control and manned by the latter’s employees.
The premium is thus put upon non-investigation by the owner of the premises and upon his non-disclosure of relevant facts.
For instance, in Poydras Fruit Company, Inc., v. Weinberger Banana Company, Inc., 189 La. 940, 181 So. 4S2, the owner of a vessel destroyed while chartered by defendant would not have recovered damages had not the charterer discovered or disclosed that the chief engineer had sent a crewman down to the boiler-room immediately before the explosion which destroyed the vessel. Had, for instance, the second mate who knew nothing of this fact been put on the stand to testify that immediately before the explosion “all was well” and that the company always followed suitable precautions, then this testimony would have satisfied the relatively slight duty presently put upon one who has the possession of the property of another during which possession the other’s property is destroyed.
It does not take the eye of a prophet to discern a trend in the jurisprudence cited to us by appellant reevaluating the relative duties and rights of the parties in the light of modern conditions, to which trend the result in the present case is contrary. But this Court is an inferior appellate court and cannot do otherwise than follow the prevailing jurisprudence, in the absence of legislative action or of a definitive reinterpretation of earlier precedents by our Supreme Court.
For the above and foregoing reasons, I respectfully concur.